# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CLAIBORNE, | CASE NO. 1:06-cv-0681-AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR FAILURE TO STATE COGNIZABLE CLAIM(S) |
| v. | |
| LT. BEEBE, et al., | (Doc. 7) |
| Defendants. | |

I.  Findings

   A.  Procedural History

Plaintiff, Dennis Claiborne, ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was removed from the Kern County Superior Court by defendants.  On April 27, 2007, the court issued an order dismissing plaintiff's complaint for failure to state claims upon which relief could be granted and providing direction for plaintiff's use in filing an amended complaint.  Plaintiff filed an amended complaint on May 14, 2007.

   B.  Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
3  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
4  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
5  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
6  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
7  complaint under this standard, the court must accept as true the allegations of the complaint in
8  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
9  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
10 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11     C.    Plaintiff's Amended Complaint

12     The events at issue in this action allegedly occurred at North Kern State Prison, Delano,
13 California.  The defendants named in this action are Captain Brakebill; Correctional Counselor
14 Martinez; Lieutenant Beebe; and Warden Chrones.  Plaintiff states that he has ADA status and is
15 unable to bend his knee, squat, and lie in the prone position.  He alleges an incident where Lt.
16 Beebe ordered two officers to handcuff him and force him to the ground in a prone position.
17 Plaintiff alleges that he was issued a rules violation report and that Brakebill and Martinez
18 conspired so as to have plaintiff disciplined for his ADA status (presumably in violation of his
19 civil rights) which caused a drastic change in the conditions of plaintiff's sentence.  Plaintiff
20 further alleges that Chrones failed to audit the disciplinary hearings for accuracy of allegations
21 and findings.  Plaintiff attached and incorporated by reference 173 pages of exhibits to his
22 amended complaint.[1]

23 / / /

24     1.    Excessive Force

25 Plaintiff generally alleges "deliberate indifference – unnecessary and wanton infliction of

---

[1] Plaintiff was advised in the court's April 27, 2007 order dismissing with leave to amend, that Local Rule 15-220 requires that an amended complaint be complete in itself, and that in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

2

1 | pain – Excessive Force . . . ."

2 As the court previously advised plaintiff, "[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

As stated in the screening order, the allegation that defendant Beebe ordered subordinate staff to force plaintiff to a prone position, simply does not rise to the level of a constitutional violation for use of excessive physical force. Plaintiff failed to allege specific facts which support a claim that defendants used force against plaintiff and the force used was excessive. The general allegations that the "violation is established" based on plaintiff's "ADA status" does

3

not show that defendant's used excessive physical force under the circumstances of the incident. Doc. 7, pg. 4. Plaintiff was advised in the screening order that he could not rest on a legal conclusion that excessive force was used. Thus, plaintiff has failed to state a cognizable claim against defendant Beebe for use of excessive force in violation of his constitutional rights.

### 2. Disciplinary Hearing

Plaintiff alleges that, because of Brakebill and Martinez's conspiring, it was erroneously determined that he should be disciplined for his "ADA status" so as to violate his constitutional rights to be "free from acts of deliberate indifference, and conspiracy." Doc. 7, pp 4-5. Plaintiff further alleges that Chrones failed to audit the proceedings and/or resultant findings. Plaintiff alleges that these actions "presented a dramatic departure from the basic conditions of [his] sentence." Doc. 7, pg. 3. These allegations also fail to state a cognizable claim for relief.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Plaintiff has not alleged any facts supporting the existence of protected liberty interest. Plaintiff does not have a protected liberty interest in remaining free from administrative segregation, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), or in remaining at a particular prison, Sandin, 515 U.S. at 484; Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Nor do prisoners have a constitutional right to a particular classification status, see Moody v.

Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Because plaintiff has not identified a protected liberty interest at stake, he may not pursue a claim that he was deprived of liberty without due process of law based on a disciplinary hearing ruling.

       3.      Conspiracy

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege specific facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff alleges that defendants Brakebill and Martinez conspired before, during and after a hearing where it was determined plaintiff "was to be disciplined for his ADA status." Doc. 7, pp 4-5. Once again, plaintiff fails to allege specific facts supporting the existence of a conspiracy among the defendants. Plaintiff's conclusory assertion that defendants Brakebill and Martinez conspired is insufficient to state a claim for relief under section 1983.

       5.      Supervisory Liability

Plaintiff alleges that Cordone failed to monitor and/or audit the disciplinary actions against plaintiff, and that Cordone is liable ... "not upon notions of respondeat superior, but upon supervisorial indifference, or tacit authorization of subordinate misconduct which is a direct cause of a constitutional injury." Doc. 7, pg. 5.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the

5

1 alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent
2 them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation
3 of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v.
4 Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d
5 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be
6 alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit,
7 507 U.S. 163, 168 (1993).

8 Plaintiff has not alleged any facts indicating that defendant Cordone personally
9 participated in the alleged deprivation of constitutional rights; knew of the violations and failed
10 to act to prevent them; or promulgated or "implemented a policy so deficient that the policy
11 'itself is a repudiation of constitutional rights' and was 'the moving force of the constitutional
12 violation.'" Hansen v. Black at 646. Even though plaintiff alleges to the contrary, as phrased,
13 his claims against Cordone sound in respondeat superior. Thus, plaintiff has failed to state a
14 cognizable claim for violation of his constitutional rights against defendant Cordone.

15 II.     Conclusion

16 The court finds that has failed to state a claim against any of the named defendants.
17 Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with
18 prejudice.

19 These Findings and Recommendations will be submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

21 Within **twenty (20) days** after being served with these Findings and Recommendations,
22 plaintiff may file written objections with the court. The document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that
24 failure to file objections within the specified time may waive the right to appeal the District
25 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26       IT IS SO ORDERED.

27   **Dated:   February 25, 2008**             **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE
28