**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS CLAIBORNE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LT. BEEBE, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:06-cv-00681-AWI-DLB-P<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION (Doc. 8)<br><br>ORDER DISMISSING ENTIRE ACTION |

　　　Plaintiff, Dennis Claiborne ("plaintiff"), a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　On February 26, 2008, the Magistrate Judge filed Findings and a Recommendation herein which were served on plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendation were to be filed within twenty (20) days.  On March 10, 2008, plaintiff filed objections to the Magistrate Judge's Findings and Recommendation.

　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case.  Having carefully reviewed the

1

entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis. As explained by the Magistrate Judge, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7; LeMaire v. Maass, 12 F.3d 1444, 1454 (9th Cir.1993). In the objections, Plaintiff contends, as he does in the amended complaint, that the violation of his rights is established by Plaintiff's ADA status and Plaintiff's inability to bend at the knee, squat, or lie in the prone position. Plaintiff's theory of liability is based on a strict liability theory, which would mean Defendants are liable simply because they forced Plaintiff to do something he was medically unable to do. This is not the standard for an Eighth Amendment claim. The Eighth Amendment requires Defendants' actions to have been done maliciously and sadistically. Here, there are no alleged facts showing that Defendants knew about Plaintiff's medical condition. There are no alleged facts from which the court could find indicate how

2

Defendants' actions were malicious and sadistic.  Thus, the objections provide no basis for the court to not adopt the Findings and Recommendations.[1]

The Court is mindful that it must give a pro se prisoner plaintiff notice of a complaint's pleading deficiencies and an opportunity to amend prior to dismissal of a pro se prisoner's complaint. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (if court determines that complaint fails to state claim, leave to amend may be granted to extent that complaint's deficiencies can be cured); Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).  Here, the Court gave Plaintiff notice of his pleading deficiencies in its April 27, 2007 order.  Plaintiff failed to comply with this order.  Thus, the Court agrees with the Magistrate Judge that no further opportunities to amend would cure the amended complaint's defects.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed February 26, 2008, are ADOPTED IN FULL;
2. This entire action is DISMISSED with prejudice; and
3. The Clerk of the Court is DIRECTED to close this file.

IT IS SO ORDERED.

**Dated:    April 5, 2008**              /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff objected to other findings made by the Magistrate Judge in the Findings and Recommendation, the Court finds that the Findings and Recommendations address Plaintiff's contentions and no further discussion is necessary.